**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

ISRAEL ENSASTEGUI DORASCO,    :
          Petitioner,    :
                      :
          v.             :     No.    2:26-cv-4068
                      :
JAMAL L. JAMISON, _Warden, Federal_    :
_Detention Center, Philadelphia_; and    :
JOHN RIFE, _Acting Field Office Director of_ :
_Enforcement and Removal Operations,_    :
_Philadelphia Field Office, Immigration and_ :
_Customs Enforcement,_;    :
          Respondents.    :

_____

**O R D E R**

**AND NOW,** this 29th day of June, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1; the Government's Response in

Opposition, ECF No. 4; and the lack of response thereto; **IT IS ORDERED THAT**:

1.      On or before **July 6, 2026**, the parties shall file supplemental information

regarding Petitioner's immigration status, including:

    a.    the details of Petitioner's prior entry and departure from the United States

       during the period of 1999 to 2011,[1] including whether, and to what extent,

       Petitioner was previously subject to removal proceedings; and

---

[1]    The Petition, ECF No. 1, says that Petitioner last entered the United States in 2019, but that "Petitioner was previously in the United States from approximately 1999 to 2011 and accepted voluntary departure before returning to Mexico." _See id._ at ¶ 2 n.1. The Government's Response in Opposition did not address or respond to this. _See_ ECF No. 4.

b.  to what extent this supplemental information affects, or may affect,

Petitioner's current status, immigration proceedings, and/or removal

proceedings, if any.[2]


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2]    As of the date of this Order, it has not been argued that Petitioner unlawfully re-entered the country—only that he is subject to ICE detention pursuant to 8 U.S.C. § 1225(b)(2). *See* ECF No. 4. However, Petitioner's statement that he "accepted voluntary departure before returning to Mexico" suggests there was a previous exchange between Petitioner and Immigration in or around 2011. *See* ECF No. 1 at ¶ 2 n.1. The parties are directed to inform the Court how, if at all, that prior exchange affects Petitioner's current immigration status and how, considering this, his instant ICE detention should be viewed.