UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ISRAEL ENSASTEGUI DORASCO,                    :
                              Petitioner,      :
                                               :
                    v.                         :          No.      2:26-cv-4068
                                               :
JAMAL L. JAMISON, *Warden, Federal*            :
*Detention Center, Philadelphia*; and          :
JOHN RIFE, *Acting Field Office Director of*   :
*Enforcement and Removal Operations,*          :
*Philadelphia Field Office, Immigration and*   :
*Customs Enforcement,*;                         :
                              Respondents.     :
_____

## O R D E R

**AND NOW,** this 7th day of July, 2026, upon consideration of the Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF

No. 4;[2] the Court's Order for supplemental information regarding Petitioner's immigration status,

ECF No. 5; the parties' supplemental briefs, ECF Nos. 6-7;[3] and for the reasons set forth in this

---

[1]    Petitioner Israel Ensastegui Dorasco, a citizen of Mexico, last entered the United States without inspection in 2019, at the United States-Mexico border. *See* Pet. ¶ 2. Petitioner was "previously in the United States from approximately 1999 to 2011 and accepted voluntary departure before returning to Mexico." *See id.* at ¶ 2 n.1. Upon re-entering the country in 2019, Petitioner "was not apprehended or caught" and thereafter settled in Southeast Pennsylvania, where he has since lived. *Id.* at ¶ 2. On June 9, 2026, Petitioner was arrested and detained by ICE agents while on his way to work, and was placed in custody at the Philadelphia Federal Detention Center. *Id.* at ¶ 3. Petitioner was issued a Notice to Appear in removal proceedings, charging him with having "entered the United States without admission or inspection" under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at ¶ 4. There is no indication that Petitioner has a criminal record. *See* Pet.
      Petitioner is currently being held in ICE custody without bond having been set. Petitioner, through counsel, filed his Petition for Writ of Habeas Corpus on June 12, 2026, in which he alleges that his current detention without a bond hearing violates the Immigration and Nationality Act (INA), Bond Regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and the Fifth Amendment Due Process Clause. *See id.* ¶¶ 47-57.
[2]    On June 16, 2026, the Government Respondents filed their Response, arguing that the Court should deny habeas relief because: (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) Petitioner's detention does not violate Constitutional due process requirements. *See* ECF No. 4.
[3]    After reading that, prior to Petitioner's latest entry into the country in 2019, he "previously in the United States from approximately 1999 to 2011 and accepted voluntary departure before returning to Mexico," *see* Pet. at ¶ 2 n.1, the Court ordered the parties to provide supplemental

Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[4] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**,[5] as follows:

---

information regarding "the details of Petitioner's prior entry and departure from the United States during the period of 1999 to 2011, including whether, and to what extent, Petitioner was previously subject to removal proceedings," and "to what extent this supplemental information affects, or may affect, Petitioner's current status, immigration proceedings, and/or removal proceedings, if any," *see* ECF No. 5. Respondents filed a supplemental brief, stating that "Petitioner was arrested by ICE in Baltimore, Maryland, on December 24, 2008," that "[a]t that time, Petitioner reported that he was a native and citizen of Mexico who unlawfully entered the United States at the southern border in December 1999," and that he was "placed in removal proceedings, and on December 2, 2009, an Immigration Judge issued an Order permitting his voluntary departure from the United States [and] Petitioner voluntarily departed on March 27, 2010." ECF No. 6 at 1. When asked "what effect, if any, Petitioner's prior voluntary departure has on the current removal proceedings" or his immigration status, "Respondents assert that there is no practical effect." *See id.* at 2. Petitioner's supplemental brief states that "Petitioner agrees with the facts and conclusions stated in Respondents' Supplemental Brief[,] with the exception of the last sentence wherein Respondents maintain that habeas relief should be denied. In sum, because Respondent was granted voluntary departure pursuant to 8 U.S.C. § 1229c in 2019, he does not have a prior order of removal and cannot be detained under 8 U.S.C. § 1231." ECF No. 7.

[4]    These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions represent only two of dozens of analogous cases decided similarly in this District. In a manner consistent with other recent decisions in this District, this Court found that that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). (The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required. The Government chose not to make these arguments in the instant case. *See* ECF No. 4, at 4 n.4.)

[5]    Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his arguments regarding Bond Regulation violations or Fifth Amendment due process violations. The Court also finds that Petitioner's prior voluntary departure and reentry without inspection does not affect its analysis regarding Petitioner's need for a bond hearing 8 U.S.C. § 1226(a). Respondents do not suggest that Petitioner is subject to any criminal charges related to his reentry, and instead say that his voluntary departure in or around 2010 has "no practical effect" on the instant case. *See* ECF No. 6. Our sister districts have found similarly in like cases—conducting a § 1226 analysis even where the Petitioner previously departed voluntarily and then reentered—because the relevant question is whether the Petitioner is currently "seeking admission" into the United States. *See e.g., Camacho v. Warden,*

1. Petitioner Israel Ensastegui Dorasco is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

*Pike Cnty. Correctional Facility*, No. 3:26-cv-01197, 2026 WL 1669162, at \*5 (M.D. Pa. June 9, 2026) (ordering a bond hearing or petitioner's release if a bond hearing is not timely provided; finding that § 1226(a), not § 1225(b)(2)(A), applied to the detention of a petitioner who was granted voluntary departure in 2019 and then re-entered in 2022, because he "is no longer seeking admission into the United States—at the time of his arrest and detention, he was not actively attempting to come into the United States at a border or port of entry. Rather, he is already here, having resided within the United States for an extended period of time.") (citing *Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at \*1 (E.D. Pa. Nov. 14, 2025)). The Petition for Writ of Habeas Corpus is granted, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.